### MANLY v. SOUTHERN SUPPLY CO.

### In re BURGESS.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2484.

**1. Bankruptcy ⊜303(1).**

Under Bankruptcy Act, § 60, as amended by Acts Feb. 5, 1903, § 13, and June 25, 1910, § 11, trustee in bankruptcy has burden of establishing insolvency of bankrupt at time of giving alleged preferential mortgage and that mortgagee had reasonable cause to believe it would operate as preference (Comp. St. § 9644).

**2. Bankruptcy ⊜303(3).**

Evidence *held* to sustain finding that mortgage given by bankrupt within four-month period as security for existing indebtedness was not invalid as a preference.

**3. Bankruptcy ⊜303(2).**

Bankrupt's financial statement shortly after execution of alleged preferential mortgage, showing bankrupt's solvency, *held* admissible in hearing on trustee's petition to declare mortgage a preference as bearing on question of solvency at such time.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; Morris A. Soper, Judge.

In the matter of the bankruptcy of Francis P. Burgess. Petition by George W. Manly, trustee, to have a mortgage given to the Southern Supply Company declared unlawful and a voidable preference. From a decree sustaining the validity of the mortgage, and dismissing the petition, the trustee appeals. Affirmed.

J. Purdon Wright, of Baltimore, Md. (T. Howard Embert, of Baltimore, Md., on the brief), for appellant.

John C. Paterson, of Baltimore, Md., for appellee.

Before WADDILL and PARKER, Circuit Judges, and COCHRAN, District Judge.

14 F.(2d)—18

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the District of Maryland. On the 17th of November, 1924, a petition in involuntary bankruptcy was filed against the bankrupt, Francis P. Burgess, and subsequently, on the 19th of January, 1925, he was adjudicated as such, and his trustee shortly thereafter was duly chosen and qualified.

Prior to the filing of the petition in bankruptcy, to wit, on the 17th of July, 1924, the bankrupt executed a mortgage to the Southern Supply Company upon certain real estate in the city of Baltimore (being a third lien thereon) to secure to that company the sum of $9,006.86, a part of an indebtedness then due by Burgess to the supply company. On the 7th of May, 1925, the trustee in bankruptcy, the appellant herein, filed his petition in the bankruptcy proceeding, assailing the said mortgage as an unlawful and voidable preference against the bankrupt's creditors under the bankrupt law, given by the bankrupt when insolvent, and within four months of the filing of petition in bankruptcy. The appellee promptly answered this petition on the 13th of May, 1925, denied that the mortgage constituted an unlawful preference, and insisted that the same was in all respects valid and given as security on account of the amount then due it from the bankrupt, to wit, a total sum of $12,407.51.

On these pleadings the case was tried by the District Court, and the testimony taken orally before the judge, with the result that the court sustained the validity of the mortgage, and dismissed the petition assailing the same. From this decree the appeal in this case was taken. The assignments of error present but three questions for consideration, viz. *First*, Whether the court erred in holding the mortgage valid; *second*, In dismissing the petition, and allowing appellee to participate as a preferred creditor of the bankrupt; and, *third*, The propriety of the court's action in permitting to be introduced in evidence a certain financial statement, termed "balance sheet," bearing date of August 31, 1924, and in considering the same. [1] The case is reduced to within a comparatively narrow compass, when considered in the light of the legal principle governing the same. There was no dispute as to many of the more important facts in the case. The mortgage was undoubtedly executed to secure an undisputed previous indebtedness, and within four months of the filing of the petition in bankruptcy, the petition assailing

the mortgage having been filed on the last day within the four-month period in which the same could be attacked. The questions of the solvency of the bankrupt, and whether the appellee, in taking the mortgage at the time of its acceptance, had reasonable cause to believe that the same would operate as a preference, and enable the holder thereof to effect a preference, are of vital moment, and can only be ascertained and determined upon full consideration of the entire testimony, having regard to the fact that the trustee in bankruptcy, appellant herein, has the burden of establishing the affirmative of both questions. Bankruptcy Act July 1, 1898, c. 541, § 60, 30 Stat. 562, as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799, and by Act June 25, 1910, c. 412, § 11, 36 Stat. 842, Comp. St., § 9644; Collier on Bankruptcy (13th Ed.) vol. 1, pp. 18, 24, and volume 2, p. 1239; Barnes' Federal Code 1919, § 9144, subd. b.

[2] The facts relating to the existing indebtedness secured are briefly these: The bankrupt had long been engaged in the plumbing business in the city of Baltimore, and during some ten years or more had been a customer of the Southern Supply Company, a dealer in plumbing supplies. During the course of his dealings with the supply company his business was quite large, and he was supposed to possess considerable means, owning valuable real estate, as well as the business in which he was engaged. He appeared to be prosperous, and the appellee did not hesitate to give him credit, and, as a matter of fact, the supply company thought he did his entire business in its line with it. Until the bankrupt sustained a loss arising from what proved to be an improvident contract, involving some $12,000 or $13,000, the appellee had no special cause of complaint as to payments on account of his indebtedness, though he had allowed the same to fall considerably behind about the time of the taking of the mortgage, and hence appellee insisted that it should have a lien for at least a part of the sum due, and the bankrupt accordingly gave the mortgage, though with some hesitancy. Appellee realized that the bankrupt was getting in arrears in his payments, but had no idea that his ability to pay was questionable, and had not the least idea, either that the bankrupt was insolvent, or that in taking security for his indebtedness he was doing anything that would operate to give him any advantage or undue preference over other creditors. The learned judge of the District Court heard and saw the several witnesses testify at considerable length respecting these transactions, and decided that the mortgage in question was valid, and the holder entitled to the benefit thereof.

[3] With this conclusion of the trial court we are in entire accord, as the correctness of the same, in the light of all the testimony and the reasonable and fair inferences that may be drawn therefrom, cannot be seriously questioned. The assignment of error respecting the admission and consideration by the court of the statement of the bankrupt's business as of August 31, 1924, is clearly without merit. While the date of the statement was the 31st of August, 1924, shortly after the execution of the mortgage assailed, still the statement itself covered the period of the transactions between the parties involved here; and certainly, since it showed that, so far from being insolvent, Burgess owned property largely in excess of his indebtedness, the same was most material as bearing upon the question of his solvency or insolvency.

The decision of the lower court will be affirmed in all respects, with costs to the appellee.

Affirmed.